The following judgment was rendered by the court below:
"The above entitled civil action was heard before the Honorable J. Paul Frizzelle, judge holding the courts of the Second Judicial District, at Snow Hill, on 26 May, 1932, out of term and prior to the expiration of the return day by consent of plaintiffs and defendant, and was heard upon the complaint, exhibits and answer. The plaintiffs moved for judgment as prayed for in the complaint. The defendant moved for judgment dismissing the action.
After hearing argument and after consideration, the court being of the opinion: (a) That the assumption of the county of Wilson of the *Page 144 
payment of bonds heretofore issued by various school districts in Wilson County, for the purpose of erecting and equipping school buildings necessary for the six months' school term required by the Constitution of North Carolina, was not in violation of section 7 of Article VII of the Constitution, nor in violation of any other provision of the Constitution or statutes of the State. (b) That the contract of sale of the bonds is not in violation of section 19 of the Local Government Act of 1931, and that the said sale was a sale at par. (c) That the sale of bonds of the county of Wilson for the purpose of refunding or paying interest on bonds lawfully issued prior to 1 July, 1931, which interest accrued after 1 July, 1931, is not in violation of the Local Government Act or any other act of the General Assembly. (d) That the assignment by the county of Wilson of the payments due under the contract between the North Carolina State Highway Commission and the county of Wilson, to secure the payment of the bonds authorized to be issued, is a valid, legal and irrevocable assignment of such payments due under said contract. (e) That the bonds authorized to be issued are valid, legal obligations of the county of Wilson, and all constitutional and statutory requirements relating to the issuance and sale of said bonds have been complied with. And the court being further of the opinion that the plaintiffs herein may maintain an action for specific performance by the defendant of the contract of sale and purchase of the said bonds; It is therefore, ordered, decreed and adjudged that the defendant comply with its contract of sale, accept the said bonds and pay the agreed purchase price. The costs of this action will be taxed against the defendant.
 J. PAUL FRIZZELLE, Judge holding the courts of the Second Judicial District."
Snow Hill, N.C. 26 May, 1932.
From the judgment as rendered, the defendant excepted, assigned error and appealed to the Supreme Court.
We have examined the record and briefs of the parties with care. Interpreting the record in this case, with reference to the pertinent decisions, we think the judgment of the court below is correct.
Affirmed. *Page 145